In the Matter of the Application of NETTIE SABATINI and Another, Petitioners, for an Order of Mandamus against ELMER F. ANDREWS, Industrial Commissioner of the State of New York, Respondent.*

Supreme Court, New York County, October 1, 1934.

* Revd., 243 App. Div. 109.

*Julius Hochfelder* [*Anna W. Hochfelder* of counsel], for the petitioners.

*John J. Bennett, Jr.* [*Henry Epstein, Solicitor-General,* of counsel], for the respondent.

*Straus & Kenyon* [*Dorothy Kenyon* of counsel], for Consumers' League of New York, *amicus curiæ.*

LAUER, J.   These are identical petitions for a peremptory order of mandamus.   The petitioners herein are two married women, the mothers of infant children.   They both have been engaged in home work for several years in the embroidery industry, and have applied to the Industrial Commissioner of the State of New York for the issuance of industrial home work certificates to continue in such work, pursuant to the terms of article 13 of the Labor Law.   The Industrial Commissioner has refused to issue the permits sought for the reason that their issuance would be in violation of the public policy of the National Industrial Recovery Act and the State Recovery Act, inasmuch as the Code of the Embroidery Industry, as approved by the President of the United States, prohibits the giving out of home work in that industry.   No issues of fact are presented on this application.   There are no denials of any of the allegations of the petitions.   The only reason assigned for the refusal to issue the permits requested by the petitioners is as heretofore stated.

Chapter 825 of the Laws of 1934 added article 13. to the Labor Law and covers the subject of industrial home work in this State. Its provisions were designed to aid in bringing under control and supervision the entire system of home work.   By the enactment of this law there is recognized in this State the propriety of home work under certain conditions.   The petitioners upon compliance with the terms of this law are entitled to home work certificates unless a lawful reason exists for denying such certificates.

Article IV of the Code for the Embroidery Industry provides as follows: " 2. Home work.   After six months from the effective date of this code no member of this industry shall give out work to be done in the homes."

This is the provision of the Code assigned by the respondent as justification for his refusal to issue the certificates requested by the petitioners.   The prohibition of this Code provision appears to be directed at the manufacturer.   It is not an injunction against the individual worker.   The Code seeks only to restrain the members of the industry.   This provision affords no justification for the refusal of the application of the petitioners.

The State Recovery Act likewise offers no warrant for the refusal of the Industrial Commissioner to issue the permits sought. Chapter 781 of the Laws of 1933, which is known both as the State Recovery Act and the Schackno Act, provides as follows:

" § 4. Products of individual labor. Nothing in this act shall prevent an individual from pursuing the vocation of manual labor and selling or trading the products thereof."

This section indicates clearly that although this act was an enabling act to enforce the provisions of the industrial codes, adopted under the National Industrial Recovery Act, the legislative intent was to restrain and restrict the codes from invading the field of individual labor. It shows a clear intention not to interfere with the individual in pursuing his vocation. It emphasizes that the legislative intent was to regulate individual labor through its own legislation and that the Legislature did not desire to delegate its power in that respect to any other body. This exemption of the right of the individual to pursue his vocation is perhaps inserted in the law to preserve the constitutional rights of the individual as expressed by the Supreme Court of the United States. In the case of *Adkins* v. *Children's Hospital* (261 U. S. 525) the court said (at p. 545): " That the right to contract about one's affairs is a part of the liberty of the individual protected by this clause, is settled by the decisions of this Court and is no longer open to question. *Allgeyer* v. *Louisiana*, 165 U. S. 578, 591; *New York Life Insurance Co.* v. *Dodge*, 246 U. S. 357, 373–374; *Coppage* v. *Kansas*, 236 U. S. 1, 10, 14; *Adair* v. *United States*, 208 U. S. 161; *Lochner* v. *New York*, 198 U. S. 45; *Butchers' Union Co.* v. *Crescent City Co.*, 111 U. S. 746; *Muller* v. *Oregon*, 208 U. S. 412, 421. Within this liberty are contracts of employment of labor. In making such contracts, generally speaking, the parties have an equal right to obtain from each other the best terms they can as the result of private bargaining."

The Code of the Embroidery Industry does not limit the individual from performing work whether at home or elsewhere, but affects only the manufacturer as a member of the industry.

The policy of this State in respect to home work, as expressed in the State Recovery Act and article 13 of the Labor Law, is to permit home work, providing the provisions of the law are complied with. The Code of the Embroidery Industry was approved February 2, 1934, and filed April 3, 1934. Chapter 825 of the Laws of 1934, which added article 13 to the Labor Law, which became effective on July 1, 1934, is the last expression of the legislative intent as to the public policy of this State respecting industrial home work. No occasion exists, therefore, for the court to permit

any interference with a right so jealously protected as the right of the individual to contract for his own manual labor.

Entertaining the views herein expressed, it is unnecessary to consider the petitioners' rights from a constitutional viewpoint. It is likewise unnecessary to express any opinion as to the benefits or evils of home work as that subject is not at issue here and the State has approved a policy permitting industrial home work under certain conditions as recently as July 1, 1934, when article 13 of the Labor Law became effective.

The Industrial Commissioner in refusing to issue the home work certificates to the petitioners has exceeded his authority. The motion for a peremptory order of mandamus is, therefore, granted.